UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS DODSON, TAZARIUS LEACH, RICHARD LITTLE, AND JASPER VICK, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:17-CV-48 |
| | ) | District Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC, INC., THE | ) | Magistrate Judge Jeffrey S. Frensley |
| TENNESSEE DEPARTMENT | ) | Jury Demand |
| OF CORRECTION, and | ) | |
| COMMISSIONER TONY PARKER, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER

On January 13, 2017, the Court instructed Plaintiffs Douglas Dodson ("Dodson"), Tazarius Leach, Richard Little, and Jasper Vick and Defendants CoreCivic, Inc. ("CoreCivic"), the Tennessee Department of Correction ("TDOC"), and Commissioner Tony Parker ("Parker") to submit a Proposed Initial Case Management Order. (Docket Entry 7). The Parties, therefore, respectfully submit to the Court the following Proposed Initial Case Management Order.

**A.** **JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs seek declaratory and injunctive relief under 28 USC §§ 1342, 2201 and 2202, 29 U.S.C. § 749a, and 42 U.S.C. §§ 1983 and 12133. Venue is proper in the Middle District of Tennessee, Nashville Division under 28 U.S.C. § 1391(b).

**B.** **BRIEF THEORIES OF THE PARTIES:**

**For Plaintiffs:** This is an action for declaratory and injunctive relief to redress the deprivation under color of state law of rights secured by the Eighth and Fourteenth Amendments

to the U.S. Constitution via 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 ("Title II"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Section 504"). Plaintiff alleges that Defendant TDOC and Defendant Parker, who is sued only in his official capacity as the head of the Department, have denied the Plaintiffs accommodation for their disability as required by Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act by assigning them to incarceration at Trousdale Turner, where, due to understaffing and undertraining, reasonable accommodations for persons with insulin-dependent diabetes are either not available or are routinely denied. Plaintiff alleges that Defendant CoreCivic (formerly doing business as Corrections Corporation of America) has subjected the plaintiffs and the plaintiff class to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by implementing policies and practices, including understaffing and undertraining, which manifest deliberate indifference to the plaintiffs' serious medical needs, resulting in denial of access to basic diabetes care and serious physical injury to the plaintiffs and the proposed class, constituting cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiffs, on behalf of themselves and the class they seek to represent, seek an injunction preventing Defendants TDOC and Parker from assigning persons with insulin-dependent diabetes to Trousdale Turner and requiring that all persons with insulin-dependent diabetes presently incarcerated at Trousdale Turner be transferred to other diabetic compliant facilities until such time as CCA implements the permanent relief sought from it in this lawsuit, namely, the maintenance of appropriate staffing levels and training to ensure that inmates have access to basic diabetes care in coordination with regular mealtimes. Plaintiffs seek permanent injunctive relief requiring Defendant CCA to remedy the conditions constituting cruel and unusual

2

punishment and requiring Defendant TDOC to assign diabetic prisoners only to facilities where reasonable accommodations for their disabilities are available and provided. Finally, Plaintiffs seek a permanent injunction requiring the implementation of independent monitoring sufficient to ensure that the serious medical needs of persons with insulin dependent diabetes at Trousdale Turner are being met and that persons with insulin-dependent diabetes are provided reasonable accommodations, including access to basic diabetes care.

**For CoreCivic:** CoreCivic, formerly known as Corrections Corporation of America, owns and operates the Trousdale Turner Correctional Center ("Trousdale"). CoreCivic does not itself provide medical treatment to inmates incarcerated at Trousdale. Rather, CoreCivic has contracted with Correct Care Solutions, LLC to provide medical treatment to inmates incarcerated at Trousdale, including inmates suffering from diabetes. If Plaintiffs have complaints regarding the medical treatment that they received or failed to receive during their respective incarcerations at Trousdale, those complaints are not properly lodged against CoreCivic. CoreCivic also does not itself provide food services to inmates incarcerated at Trousdale. Rather, CoreCivic has contracted with Trinity Services 1, LLC f/k/a Canteen Correctional Services, a Division of Compass Group USA, Inc. to provide food services to inmates incarcerated at Trousdale, including diabetic-appropriate meals. If Plaintiffs have complaints regarding the meals that they received or failed to receive during their respective incarcerations at Trousdale, those complaints are not properly lodged against CoreCivic.

Plaintiffs cannot hold CoreCivic liable under Title II of the Americans with Disabilities Act ("ADA") because Title II of the ADA does not apply to private entities, like CoreCivic, even if those private entities contract with governmental entities. Plaintiffs also cannot hold CoreCivic liable under Title II of the ADA because Plaintiffs are not qualified individuals with

disabilities under Title II of the ADA and because CoreCivic did not, by reason of their claimed disabilities, exclude Plaintiffs from participation in or deny Plaintiffs the benefits of any activities, programs, or services or subject Plaintiffs to discrimination. It does not appear that Plaintiffs seek to hold CoreCivic liable under Section 504 of the Rehabilitation Act. (Docket Entry 1 ¶ 80). This likely is because Plaintiffs cannot hold CoreCivic liable under Section 504 of the Rehabilitation Act because it does not apply to CoreCivic. Plaintiffs also cannot hold CoreCivic liable under Section 504 of the Rehabilitation Act because Plaintiffs do not have disabilities and were not denied the benefits of, excluded from participation in, or subjected to discrimination under any activity or program based upon any claimed disabilities and because Plaintiffs did not require accommodations that CoreCivic failed to provide. Along with this, Dodson no longer is incarcerated at Trousdale, thereby rendering his status as a Plaintiff in this lawsuit improper given that Plaintiffs, including Dodson, seek only injunctive relief.

Plaintiffs contend that CoreCivic failed to provide them access to medical treatment and food services under the Eighth Amendment. This claim fails from a factual standpoint because CoreCivic did provide Plaintiffs access to medical treatment and to food services. This claim also fails from a legal standpoint for the following reasons: (1) Plaintiffs failed to exhaust their administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e; (2) Plaintiffs cannot hold CoreCivic liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability; (3) CoreCivic was not deliberately indifferent to Plaintiffs' serious needs; and (5) Plaintiffs did not suffer any physical injury.

Finally, Plaintiffs are barred from proceeding with this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 because, among other reasons:

- The class definition is overbroad.

4

- The class definition contains no temporal restriction.

- The individual issues of law and fact affecting Plaintiffs lack commonality to the questions of law and fact affecting all putative class members.

- Plaintiffs' claims are not typical of the claims of the members of the putative class.

- Plaintiffs will not fairly or adequately protect the interest of putative class members.

- There is no risk of inconsistent or varying adjudications with respect to individual putative class members that would establish incompatible standards of conduct by CoreCivic, and adjudications with respect to the named Plaintiffs or as to any individual member of the putative class would not be dispositive of the interests of the other members of the putative class and would not substantially impair of impede the ability of the other members of the putative class to protect their individual interests.

- CoreCivic has neither acted nor refused to act on grounds that apply generally to the class, and, thus, the requested injunctive relief and declaratory judgment are inappropriate with respect to the class as a whole.

**<u>For the State Defendants</u>:**

Plaintiffs seek declaratory and injunctive relief against the Tennessee Department of Correction and Commissioner Tony Parker for alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, Title II of the ADA, and Section 504 of the Rehabilitation Act of 1973. The State Defendants deny that they deprived the plaintiffs of their constitutional rights, nor that they failed to accommodate the plaintiffs' respective disabilities. The Tennessee Department of Correction contracts with CoreCivic to provide food, shelter, medical care and other necessities of daily living to the inmates housed at the Trousdale Turner Correctional Facility. Any allegations of understaffing, undertraining, failure to provide nutrition and/or medical care are not properly brought against the State Defendants, as these services have been contracted for and are the responsibility of the Trousdale Turner Correctional Facility and their subcontractors.

To the extent any of these plaintiffs are not housed at the Trousdale Turner Correctional Facility, they are not proper plaintiffs in this case. To the extent the plaintiffs have not exhausted the prison grievance process as required by 42 U.S.C. § 1997e, they must be dismissed from this case.

Finally, the State Defendants deny that this suit is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23 because the factors described therein are not sufficiently satisfied by these plaintiffs.

**C.** **ISSUES RESOLVED:** The issues of jurisdiction and venue have been resolved.

**D.** **ISSUES IN DISPUTE:** All remaining issues are in dispute, including liability and the propriety of Plaintiffs proceeding with this lawsuit as a class action.

**E.** **INITIAL DISCLOSURES:** The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before April 13, 2017.

**F.** **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:** By no later than August 2, 2017, the parties will submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for alternative dispute resolution. An updated joint report shall be filed no later than sixty (60) days in advance of the deadline for filing dispositive motions.

**G.** **DISCOVERY:**

Plaintiffs: the parties shall complete all written discovery and depose all fact witnesses on or before May 25, 2018. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than May 25, 2018. No motions concerning discovery will be filed until after counsel

6

have spoken in a good faith effort to resolve any dispute(s). Before the parties file any discovery-related motion, they must schedule and conduct a telephone conference with Magistrate Judge Jeffrey S. Frensley.

### H.     MOTIONS TO AMEND OR ADD PARTIES

Any  motions to amend or to add parties shall be filed by no later than  November 16, 2017.

### I.     DISCLOSURE OF EXPERTS

The Plaintiffs shall identify and disclose all expert witnesses and expert reports  on or before December 1, 2017. The Defendants shall identify and disclose all expert witnesses  and reports on or before January 12, 2018. Any rebuttal reports will be submitted within thirty days.

### J.     DEPOSITIONS OF EXPERT WITNESSES:

All experts shall be deposed by no later than March 23, 2018.

### K.     DISPOSITIVE MOTIONS

Plaintiffs: Dispositive motions shall be filed by no later than June 15, 2018. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

7

**L.      CLASS CERTIFICATION:** Plaintiffs anticipate filing a motion to certify a class defined as persons with insulin-dependent diabetes (Type 1 or insulin-dependent Type 2) who are, who have been, or who in the future may become housed at Trousdale. Plaintiffs will seek class certification of all claims pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(2).  Defendants oppose class certification.  Plaintiffs will file a motion for class certification on or before October 2, 2017. Pursuant to Local Rule 23.01, Plaintiffs assert that good cause exists to extend the deadline for filing class certification motions because significant discovery, including expert discovery, will be necessary to support such a motion. Defendants will file a response to the motion within twenty-eight days. Plaintiffs may file a reply, limited to ten pages in length, within fourteen days.

**M.      ELECTRONIC DISCOVERY:** The parties anticipate reaching an agreement on how to conduct electronic discovery.  In the absence of such agreement, Administrative Order No. 174 will apply.

**N.      SUBSEQUENT CASE MANAGEMENT CONFERENCE:** The Court will conduct a subsequent case management conference once the Court has ruled on Plaintiffs' motion for class certification.

**O.      TARGET TRIAL DATE:** The target jury trial date is December 11, 2018.

**IT IS SO ORDERED**

JEFFREY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

8