# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS DODSON, RICHARD LITTLE, AND JASPER VICK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:17-CV-48 |
| | ) | District Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC, INC., THE | ) | Magistrate Judge Jeffrey S. Frensley |
| TENNESSEE DEPARTMENT | ) | Jury Demand |
| OF CORRECTION, and | ) | |
| COMMISSIONER TONY PARKER, | ) ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

In order to protect the confidentiality of information obtained by Plaintiffs Douglas Dodson, Richard Little, and Jasper Vick and Defendants CoreCivic, Inc. ("CoreCivic"), The Tennessee Department of Correction, and Commissioner Tony Parker in connection with this case, the parties hereby agree:

1. Any party may designate as Confidential Information (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which that party considers in good faith to contain information involving confidential business or security information, information invasive of legitimate privacy interests, or protected health information of the parties and of non-parties that is subject to the protections of the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations, see 45 CFR 164.512 et seq. Only documents or discovery responses that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY"

when produced by a party shall be entitled to be treated as Confidential Information pursuant to the terms of this Order, with the exception of protected health information, which will be subject to the terms of this Order whether or not so stamped or designated. The foregoing notwithstanding, all documents and discovery responses shall be treated as Confidential Information, whether or not so designated, for a period of fourteen (14) days following their production by a party or non-party. If within fourteen (14) days of production of any documents or discovery responses not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" the producing party determines that such documents or discovery responses are entitled to treatment as Confidential Information, such person shall so notify all parties in writing, specifically identifying the produced documents or discovery responses that shall be deemed Confidential Information. If within fourteen (14) days of production of any documents or discovery responses not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" the producing party has not notified all parties of a claim of confidential treatment with respect to such documents or discovery responses, such documents or discovery responses no longer shall be treated as Confidential Information.

2. A party or non-party may designate information disclosed during a hearing or deposition or in response to written discovery as Confidential Information by so indicating in said response or on the record at the hearing or deposition. Any other party may object to such a proposal in writing or on the record. Upon such an objection, the procedures described in Paragraph 9 below shall be followed. After any designation made according to the procedure set forth in this Paragraph 2, the designated documents or information shall be treated according to the designation until the matter is resolved, and counsel for all parties shall be responsible for

2

marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purposes of this case. As to protected health information of the parties or third parties, the parties shall be prohibited from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which the information was requested.

4. Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, Confidential Information shall not be disclosed to any person other than:

(a) Counsel for Plaintiffs, counsel for Defendants, and co-counsel retained for this litigation;

(b) Employees of such counsel;

(c) The parties and any employee, officer, or representative of a party, to the extent deemed necessary by counsel, for the prosecution or defense of this litigation with the exception of documents or discovery responses designated as "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY";

(d) Experts and consultants retained for the prosecution or defense of this litigation, provided that each such expert or consultant shall, before being shown such Confidential Information, execute a copy of the Certification annexed to this Order, Exhibit A, which executed Certification shall be held by counsel for the party who retained the expert and consultant and made available for inspection by opposing counsel

3

during the pendency or after the termination of the action only upon good cause shown and upon order of the Court;

(e)     Any authors or addressees of the Confidential Information;

(f)     The Court, court personnel, and court reporters; and

(g)     Witnesses.  A witness shall be treated as in Paragraph 4(d) above.  Any witness who will not sign the Certification may be shown Confidential Information only in a deposition at which the party who produced the Confidential Information is represented.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated Confidential Information pursuant to Paragraph 2 above.  Witnesses who are shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

5.     Any persons receiving Confidential Information shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

6.     If any party desires that materials containing confidential information be filed with the Court, that party shall give opposing counsel notice of seven (7) days.  Thereafter, any party may file a motion requesting either that: (a) the confidential information be redacted from the document filed in the public record and an unredacted version be filed under seal; or (b) the entire document be filed under seal.  The Court will require the first option unless redaction is impractical because the document to be filed contains more confidential material than not.

7.     No party shall have the right to designate as Confidential Information any documents or discovery responses produced by an adverse party.  Any party may voluntarily

4

disclose to others without restriction any information designated by that party as Confidential Information.

8. The restrictions and obligations of this Order shall not apply to any information that: (a) is public knowledge; (b) becomes public knowledge through no fault of any party to this Order; (c) comes into the possession of a party to this litigation other than through the disclosure of such information in this litigation; or (d) is or would be subject to disclosure under the First Amendment to the United States Constitution, the Freedom of Information Act, or any other federal or state Constitutional provision, statute, regulation, or law.

9. If a party contends that any material is not entitled to designation as Confidential Information, such party may at any time give written notice challenging such designation to the party or non-party who produced the material. The party or non-party who produced the material shall have fourteen (14) days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. The non-producing party may at any time apply to the Court for an order removing the designation of the material. In the event the non-producing party applies to the Court for such an order, the party or non-party designating material as Confidential Information has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or discovery responses so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) The Court rules the material is not entitled to protection as Confidential Information.

11. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. At conclusion of the litigation, upon request of the party or non-party who provided the Confidential Information, a party in the possession of Confidential Information, other than that which is contained in pleadings and hearing or deposition transcripts that have been filed before the Court, shall either: (a) return such documents or discovery responses no later than thirty (30) days after the request of the party or non-party who provided such documents or discovery responses; or (b) destroy such documents or discovery responses within the time period and certify in writing within thirty (30) days that the documents or discovery responses have been destroyed. As to protected health information of the parties or third parties, all such protected health information shall be returned to the producing party or destroyed at the end of the litigation or proceeding.

12. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or discovery responses at trial or in other hearings on dispositive motions.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding.

15. Production of any Confidential Information by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall not be deemed a violation of any of the terms of this Order.

6

However, the party receiving such subpoena, motion, or order shall first promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

16.    Documents and information designated "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" shall be subject to all of the provisions of this Protective Order that apply to "CONFIDENTIAL" documents and information, except that "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" documents and information shall not be disclosed to any persons other than those serving as counsel of record for the parties (including paralegals, secretaries, and clerical support personnel directly employed by such counsel and whose assistance is required for trial preparation in this action) and those serving as consultants or experts for the parties, unless otherwise agreed in writing or ordered by the Court.  Any experts or consultants will be bound by the terms of this Order and will sign the Certification.  If Plaintiffs retain as a consultant or expert an individual who presently works or consults for a direct competitor of CoreCivic, such individual will not be permitted access to documents that are designated as "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY."

Entered this ___ day of _____, 2017.

**IT IS SO ORDERED**

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

7

SUBMITTED FOR ENTRY:


/s/ Jon C. Goldfarb
Jon C. Goldfarb (admitted pro hac vice)
Rachel McGinley (admitted pro hac vice)
L. William Smith (admitted pro hac vice)
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

/s/ Charles P. Yezbak, III
Charles P. Yezbak, III (#18965)
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000

*Counsel for Plaintiffs Douglas Dodson,
Richard Little, and Jasper Vick*


/s/ Erin Palmer Polly
Joseph F. Welborn (#15076)
Erin Palmer Polly (#22221)
Paige Ayres Nutini (#34133)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee  37201
(615) 651-6700

/s/ Kyle V. Miller
Kyle V. Miller (admitted pro hac vice)
Butler Snow LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, Mississippi 39158
(601) 948-5711

*Counsel for Defendant CoreCivic, Inc.*

8

/s/ Jennifer L. Brenner
Jennifer L. Brenner (#22692)
Civil Rights & Claims Division
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-2500

*Counsel for The Tennessee Department of*
*Correction and Commissioner Tony Parker*

37660376v1

9

# EXHIBIT A

## CERTIFICATION

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order Against Unauthorized Use or Disclosure of Confidential Information ("Protective Order"), dated _____, 2017, in *Douglas Dodson, Richard Little, and Jasper Vick v. CoreCivic, Inc., The Tennessee Department of Correction, and Commissioner Tony Parker*, Civil Action Number 3:17-CV-48, and that I have been given a copy of and have read that Protective Order and agree to be bound by it and submit to the jurisdiction of the United States District Court for the Middle District of Tennessee in connection with that Protective Order. I understand that all such Confidential Information and copies thereof shall be maintained in a secure manner and shall be returned no later than thirty (30) days after the termination of this lawsuit to the counsel for the party or person who provided such Confidential Information unless said party or person in writing authorizes destruction of the documents in question in lieu of return.

DATE: _____          _____
                               Signature

37562225v1