# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| Douglas Dodson, *et al.*, | ) | |
| | ) | Case No. 3:17-cv-00048 |
| Plaintiffs, | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| CoreCivic, formerly d/b/a Corrections | ) | |
| Corporation of America; Tenn. Dept. | ) | |
| of Correction, Tony Parker, Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

The defendants, Tennessee Department of Correction and Commissioner Tony Parker, by and through the undersigned Senior Counsel, hereby answer the complaint in this matter as follows:

## I. INTRODUCTION

1. Defendants deny that the plaintiffs are in the custody of the Tennessee Department of Correction (TDOC), or that all of these plaintiffs are currently housed at the Trousdale Turner Correctional Facility. Defendants are without sufficient information or belief to admit or deny the remaining allegations made in paragraph one.

2. Defendants deny the allegations contained in paragraph two.

3. The allegations contained in this paragraph do not relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

4. This paragraph contains a jurisdictional statement to which no response is necessary.

5. This paragraph contains a statement of the relief sought in this lawsuit, to which no response

1

in necessary.  In the event this paragraph is construed as containing allegations against the State defendants, the allegations are denied.

## II.   JURISDICTION, VENUE & ADMINISTRATIVE PREREQUISITES

6.     Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Sentence two contains a jurisdictional statement to which no response is necessary.  Defendants admit that venue is proper in this Court.

7.     Defendants deny that these plaintiffs have each satisfied the exhaustion requirements set forth in 42 U.S.C. § 1997e(a) and demand strict proof thereof.

## III.   PARTIES

8.     Upon information and belief, plaintiff Douglas Dodson is currently housed at the DeBerry Special Needs Facility in Nashville, Tennessee.  Defendants are without sufficient information or belief to admit or deny the remaining allegation in paragraph eight.

9.     Upon information and belief, plaintiff Richard Little is no longer in the custody of the Tennessee Department of Correction.  Defendants are without sufficient information or belief to admit or deny the remaining allegation in paragraph nine.

10.     Upon information and belief, plaintiff Jasper Vick is currently housed at the South Centraol Correctional Complex.  Defendants are without sufficient information or belief to admit or deny the remaining allegation in paragraph ten.

11.     Upon information and belief, plaintiffs John Young and Edward Judd are currently housed at the Trousdale Correctional Center.  Defendants are without sufficient information or belief to admit or deny the remaining allegation in paragraph eleven.

2

12.     The allegations contained in paragraph twelve do not specifically relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

13.     The defendants decline to admit or deny the allegations contained in paragraph thirteen, as they call for a legal conclusion. To the extent they are construed as allegations, the defendants deny them.

14.     The defendants decline to admit or deny the allegations contained in paragraph fourteen, as they call for a legal conclusion. To the extent they are construed as allegations, the defendants deny them.

15.     The defendants decline to admit or deny the allegations contained in paragraph fifteen, as they call for a legal conclusion.

16.     The defendants decline to admit or deny the allegations contained in paragraph sixteen, as they call for a legal conclusion.

## IV.     CLASS ACTION ALLEGATIONS

17.     To the extent that paragraph seventeen makes allegations against the State defendants, the allegations are denied. The defendant would aver that that the plaintiffs in this case have not been certified as a class and assert that this case does not meet the requirements for such a designation.

18.     The defendants decline to admit or deny the statement contained in paragraph seventeen, as it is simply asserts a legal theory.

19.     Defendants deny the allegation made in sentence one of paragraph nineteen. Defendants are without sufficient information or belief to admit or deny the allegations made in sentences two and three.

3

20. The allegations contained in paragraph twenty do not specifically relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

21. The allegations contained in paragraph twenty-one do not specifically relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

22. The allegations contained in paragraph twenty-two do not specifically relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

23. These defendants are without sufficient information to admit or deny the allegations made in sentences one and two of paragraph twenty-three. Defendants deny the allegations contained in sentence three of paragraph twenty-three.

24. These defendants are without sufficient information to admit or deny the allegations made in paragraph twenty-four.

25. Defendants deny the allegations set forth in paragraph twenty-five.

26. Defendants deny the allegations set forth in paragraph twenty-six.

27. Defendants deny the allegations set forth in paragraph twenty-seven.

28. Defendants deny the allegations set forth in paragraph twenty-eight.

29. These defendants are without sufficient information to admit or deny the allegation made in sentence one of paragraph twenty-nine. Defendants deny the allegations contained in sentences two and three of paragraph twenty-nine.

4

## V.   FACTUAL ALLEGATIONS

**A.   Trousdale Turner Correctional Facility and the Corrections Corporation of America.**

30-35. The allegations contained in paragraphs thirty through thirty-five do not relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

**B.   CCA's Policy and Practice of Understaffing and Undertraining.**

36-44. The allegations contained in paragraphs thirty-six through forty-four do not relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

**C.   Diabetes Mellitus.**

45-54. The allegations contained in paragraphs forty-five through fifty-four do not relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

**D.   Diabetic Care at Trousdale Turner Correctional Facility.**

55-78. The allegations contained in paragraphs fifty-five through seventy-eight do not relate to the Tennessee Department of Correction or Commissioner Tony Parker. These defendants therefore will not respond.

## VI.   COUNT I

**Failure to Accommodate and Discrimination on the Basis of Disability
Resulting in Physical Injury Under Title II of the ADA
and Section 504 of the Rehabilitation Act.**

79.   Defendants hereby incorporate their responses to paragraphs one through seventy-eight.

80.   Defendants decline to respond to sentences one and two of paragraph eighty, as they do not

5

contain allegations against them. Defendants deny the allegations contained in sentences three and four of paragraph eighty.

81.     The allegations contained in paragraph eighty-one are denied.

82.     These defendants are without sufficient information to admit or deny the allegations made in paragraph eighty-two.

83.     These defendants are without sufficient information to admit or deny the allegations made in paragraph eighty-three.

84.     The allegations contained in paragraph eighty-four are denied.

85.     The allegations contained in paragraph eighty-five are denied.

86.     The allegations contained in paragraph eighty-six are denied.

87.     The allegations contained in paragraph eighty-seven are denied.

88.     The defendant declines to admit or deny the allegations contained in paragraph eighty-eight because they call for a legal conclusion.

89.     The allegation contained in paragraph eighty-nine is denied.

## VII.     COUNT II

**Deliberate Indifference to Serious Medical Needs Resulting in Physical Injury
in Violation of the Eighth Amendment's Prohibition of Cruel and Unusual Punishment
and Fourteenth Amendment Substantive Due Process.**

90.     Defendants hereby incorporate their responses to paragraphs one through eighty-nine.

91-97.  The allegations contained in paragraphs ninety-one through ninety seven do not relate to the Tennessee Department of Correction or Commissioner Tony Parker.  These defendants therefore will not respond.

6

98. To the extent the allegations in paragraph ninety-eight are made against the Tennessee Department of Correction or Commissioner Tony Parker, they are denied.

99. To the extent the allegations in paragraph ninety-nine are made against the Tennessee Department of Correction or Commissioner Tony Parker, they are denied.

100. To the extent the allegations in paragraph one-hundred are made against the Tennessee Department of Correction or Commissioner Tony Parker, they are denied.

101. To the extent the allegations in paragraph one-hundred-and-one are made against the Tennessee Department of Correction or Commissioner Tony Parker, they are denied.

102. As paragraph one-hundred-and-two of the complaint states legal conclusions rather than factual allegations, defendant will not respond thereto.

103. As paragraph one-hundred and three of the complaint states legal conclusions rather than factual allegations, defendant will not respond thereto.

104. Any allegations not previously admitted or denied are hereby denied.

## VIII.   <u>PRAYER FOR RELIEF</u>

Defendants deny that this suit is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23 (a) and 23(b)(1) and (2).

Defendants deny that the plaintiffs are entitled to any relief in this case.

## IX.   <u>AFFIRMATIVE DEFENSES</u>

1. The complaint fails to state a claim upon which relief can be granted.

2. No act or omission by the defendants deprived the plaintiffs of their constitutional rights.

3. Plaintiffs have failed to completely exhaust their administrative remedies with regard to all issues and all defendants sued in this lawsuit, in derogation of the P.L.R.A.

7

4.  Plaintiffs lack standing to bring this lawsuit.

5.  The claims are barred by the statute of limitations.

6.  Defendants reserve the right to amend their answer to assert any additional defenses that may become apparent in the discovery process and trial of this matter.

## X.     <u>JURY DEMAND</u>

Defendants demand a trial by jury of any issue triable as of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

S/ Jennifer L. Brenner

_____

Jennifer L. Brenner, BPR# 022692
Senior Counsel
Civil Rights & Claims Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2500
Attorney for State Defendants

8

## CERTIFICATE OF SERVICE

I hereby certify that a full and complete copy of the foregoing Answer to Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt on this the 18th day of September, 2017, including the following:

Joshua D. Wilson, #31486
WIGGINS, CHILDS, PANTAZIS, FISHER
& GOLDFARD, LLC
5214 Maryland Way, Suite 402
Brentwood, Tennessee 37027
(615) 964-5215
Attorney for Plaintiffs

Jon C. Goldfarb
L. William Smith
WIGGINS, CHILDS, PANTAZIS, FISHER
& GOLDFARD, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(255) 314-0500
Attorneys for Plaintiffs

Erin Palmer Polly
Joseph F. Welborn, III
Paige M. Ayers
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Suite 1600
Nashville, Tennessee 37201
(615) 651-6700
Attorneys for CoreCivic

Kyle V. Miller
Butler Snow LLP
P.O. Box 6010
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39158-6010
(601) 948-4500
Attorney for CoreCivic

9

Torrey Samson
Office of the Attorney General and Reporter
Civil Rights & Claims Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2500
Attorney for State Defendants

S/ Jennifer L. Brenner

Jennifer L. Brenner
Senior Counsel

10