| | | |
|---|---|---|
| DOUGLAS DODSON, EDWARD JUDD, RICHARD LITTLE, JASPER VICK, AND JOHN YOUNG, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | Civil Action Number 3:17-CV-48 District Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC, INC., THE TENNESSEE DEPARTMENT OF CORRECTION, and COMMISSIONER TONY PARKER, | ) ) ) ) ) | Magistrate Judge Jeffrey S. Frensley Jury Demand |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant CoreCivic, Inc. ("CoreCivic") answers the allegations of the Amended Complaint filed by Plaintiffs Douglas Dodson ("Dodson"), Edward Judd ("Judd"), Richard Little ("Little"), Jasper Vick ("Vick"), and John Young ("Young").

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
#### (Answer to Amended Complaint, Docket Entry 55)

As to each allegation in the Amended Complaint, CoreCivic responds as follows:

1. CoreCivic admits that it previously was known as Corrections Corporation of America ("CCA"), that it owns and operates the Trousdale Turner Correctional Facility ("Trousdale") pursuant to a contract with Defendant the Tennessee Department of Correction

("TDOC"), that Trousdale is located in Hartsville, Tennessee, and that certain or all of the Plaintiffs were designated as diabetic during at least a portion of their respective incarcerations at Trousdale. CoreCivic denies that all of the Plaintiffs presently are incarcerated at Trousdale, the remaining allegations in paragraph 1 of the Amended Complaint, and all allegations of wrongdoing.

2. The allegations in paragraph 2 of the Amended Complaint regarding the TDOC and Defendant Commissioner Tony Parker are not directed at CoreCivic, and no response is required. CoreCivic denies the remaining allegations in paragraph 2 of the Amended Complaint and all allegations of wrongdoing.

3-5. CoreCivic denies the allegations in paragraphs 3 through 5 of the Amended Complaint, that Plaintiffs are entitled to the relief that they request in paragraphs 3 through 5 of the Amended Complaint, and all allegations of wrongdoing.

6. CoreCivic admits that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 confer jurisdiction upon this Court and that 28 U.S.C. § 1391 renders venue proper in this Court. CoreCivic denies that Plaintiffs are entitled to the relief that they request in paragraph 6 of the Amended Complaint and all allegations of wrongdoing.

7. CoreCivic denies the allegations in paragraph 7 of the Amended Complaint.

8. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Amended Complaint regarding Dodson's medical history. CoreCivic denies the remaining allegations in paragraph 8 of the Amended Complaint.

9. CoreCivic admits that medical records designate Little as a Type II diabetic. CoreCivic denies the remaining allegations in paragraph 9 of the Amended Complaint.

2

10. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Amended Complaint regarding Vick's medical history. CoreCivic denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. CoreCivic admits that medical records designate Judd and Young as inmates with insulin-dependent diabetes and that Judd and Young presently are incarcerated at Trousdale. CoreCivic denies the remaining allegations in paragraph 11 of the Complaint.

12. CoreCivic admits that it previously was known as CCA, that it is a real estate investment trust, that it owns and operates Trousdale pursuant to a contract with the TDOC, and that inmates are incarcerated at Trousdale. The allegations in paragraph 12 of the Amended Complaint regarding 42 U.S.C. § 1983 ("Section 1983") and CoreCivic's claimed performance of a public function traditionally reserved to the State of Tennessee are legal conclusions to which no response is required.

13-14. The allegations in paragraph 13 through 14 of the Amended Complaint are not directed at CoreCivic, and no response is required. Nevertheless, CoreCivic denies all allegations of wrongdoing.

15. The allegations in paragraph 15 of the Amended Complaint are legal conclusions to which no response is required. Nevertheless, CoreCivic denies all allegations of wrongdoing.

16. The allegations in paragraph 16 of the Amended Complaint are not directed at CoreCivic, and no response is required.

17. CoreCivic denies the allegations in paragraph 17 of the Amended Complaint and all allegations of wrongdoing.

18. CoreCivic denies that class certification is appropriate or warranted, the allegations in paragraph 18 of the Amended Complaint, and all allegations of wrongdoing.

3

19.     CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19 of the Amended Complaint regarding the precise number of inmates with diabetes who presently are incarcerated at Trousdale.  CoreCivic denies that class certification is appropriate or warranted, the remaining allegations in paragraph 19 of the Amended Complaint, and all allegations of wrongdoing.

20-29. CoreCivic denies that class certification is appropriate or warranted, the allegations in paragraphs 20 through 29 of the Amended Complaint, and all allegations of wrongdoing.

30.     CoreCivic admits that Trousdale is a newly-constructed facility, that Trousdale is located in Hartsville, Tennessee, and that Trousdale began to accept inmates in January 2016.

31.     CoreCivic admits that it previously was known as CCA, that it owns and operates detention facilities, jails, and prisons at various locations across the country, and that it owns and operates Trousdale pursuant to a contract with the TDOC.

32.     CoreCivic admits that Trousdale incarcerates medium-security inmates and that Trousdale has the capacity to incarcerate 2,552 medium-security inmates.

33.     CoreCivic admits that it is a publicly-traded real estate investment trust and that it owns and operates detention facilities, jails, and prisons at various locations across the country. CoreCivic denies the remaining allegations in paragraph 33 of the Amended Complaint.

34.     CoreCivic admits that it operates the Hardeman County Correctional Center, the Metro-Davidson County Detention Facility, and the South Central Correctional Center.

35.     CoreCivic admits that it operates the Silverdale Detention Facility in Chattanooga, Tennessee and the West Tennessee Detention Facility in Mason, Tennessee.

4

36-37. CoreCivic denies the allegations in paragraphs 36 through 37 of the Amended Complaint and all allegations of wrongdoing.

38. CoreCivic admits that Trousdale has the capacity to incarcerate 2,552 medium-security inmates. The remaining allegations in paragraph 38 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with Correct Care Solutions, LLC ("CCS") to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. Nevertheless, CoreCivic denies the remaining allegations in paragraph 38 of the Amended Complaint and all allegations of wrongdoing.

39. The allegations in paragraph 39 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with Trinity Services 1, LLC f/k/a Canteen Correctional Services, a Division of Compass Group USA, Inc. ("Trinity") to provide food services at Trousdale, and no response is required. Nevertheless, CoreCivic admits that it does not employ a full-time nutritionist at Trousdale. CoreCivic denies all allegations of wrongdoing.

40-44. CoreCivic denies the allegations in paragraphs 40 through 44 of the Amended Complaint and all allegations of wrongdoing.

45. CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Amended Complaint regarding the precise number of inmates with diabetes who presently are incarcerated at Trousdale.

46-54. The allegations in paragraphs 46 through 54 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with CCS to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. Nevertheless, CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraphs 46 through 54 of the Amended Complaint and denies all allegations of wrongdoing.

5

55. CoreCivic admits that inmates who are designated as diabetic at Trousdale receive identification cards that identify them to correctional staff and medical staff as inmates who are designated as diabetic.

56. The allegations in paragraph 56 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with CCS to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. Nevertheless, CoreCivic denies the allegations in paragraph 56 of the Amended Complaint and all allegations of wrongdoing.

57. CoreCivic admits that inmates who are designated as diabetic at Trousdale receive identification cards that identify them to correctional staff and medical staff as inmates who are designated as diabetic and that the identification cards contain information regarding the medical schedule of the inmates. The remaining allegations in paragraph 57 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with CCS to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. Nevertheless, CoreCivic denies all allegations of wrongdoing.

58. The allegations in paragraph 58 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with CCS to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. Nevertheless, CoreCivic admits that it undertakes to provide consistency in the timing of meals at Trousdale. CoreCivic denies all allegations of wrongdoing.

59. The allegations in paragraph 59 of the Amended Complaint regarding the employment of a nutritionist are not directed at CoreCivic because CoreCivic has contracted with Trinity to provide food services at Trousdale, and no response is required. Nevertheless, CoreCivic admits that it does not employ a full-time nutritionist at Trousdale. CoreCivic denies

6

the remaining allegations in paragraph 59 of the Amended Complaint and all allegations of wrongdoing.

60-62. CoreCivic denies the allegations in paragraphs 60 through 62 of the Amended Complaint and all allegations of wrongdoing.

63. The allegations in paragraph 63 of the Amended Complaint regarding the employment of a dietician are not directed at CoreCivic because CoreCivic has contracted with Trinity to provide food services at Trousdale, and no response is required. Nevertheless, CoreCivic admits that it does not employ a full-time dietician at Trousdale. CoreCivic denies the remaining allegations in paragraph 63 of the Amended Complaint and all allegations of wrongdoing.

64. CoreCivic denies the allegations in paragraph 64 of the Amended Complaint and all allegations of wrongdoing.

65. CoreCivic admits that Trousdale occasionally and periodically has been placed on lockdown. CoreCivic denies the remaining allegations in paragraph 65 of the Amended Complaint and all allegations of wrongdoing.

66-67. CoreCivic denies the allegations in paragraphs 66 through 67 of the Amended Complaint and all allegations of wrongdoing.

68. CoreCivic admits that at times inmates have been provided their meals in their housing units rather than in the cafeteria. The remaining allegations in paragraph 68 of the Amended Complaint regarding meals for inmates who are designated as diabetic are not directed at CoreCivic because CoreCivic has contracted with Trinity to provide food services at Trousdale, and no response is required. Nevertheless, CoreCivic denies the remaining allegations in paragraph 68 of the Amended Complaint and all allegations of wrongdoing.

7

69-78. CoreCivic denies the allegations in paragraphs 69 through 78 of the Amended Complaint and all allegations of wrongdoing.

79. No response is required to the allegations in paragraph 79 of the Amended Complaint.

80. The allegations in paragraph 80 of the Amended Complaint are legal conclusions to which no response is required. Nevertheless, CoreCivic denies all allegations of wrongdoing.

81. CoreCivic denies the allegations in paragraph 81 of the Amended Complaint and all allegations of wrongdoing.

82. CoreCivic admits that certain or all of the Plaintiffs were designated as diabetic during at least a portion of their respective incarcerations at Trousdale. CoreCivic denies the remaining allegations in paragraph 82 of the Amended Complaint and all allegations of wrongdoing.

83. CoreCivic admits that it undertakes to provide access to necessary medical treatment, consistency in the timing of meals at Trousdale, and the opportunity to exercise to inmates incarcerated at Trousdale. The remaining allegations in paragraph 83 of the Amended Complaint are not directed at CoreCivic because CoreCivic has contracted with CCS to provide medical treatment to inmates who are incarcerated at Trousdale, and no response is required. CoreCivic denies all allegations of wrongdoing.

84-89. CoreCivic denies the allegations in paragraphs 84 through 89 of the Amended Complaint and all allegations of wrongdoing.

90-91. No response is required to the allegations in paragraphs 90 through 91 of the Amended Complaint. Nevertheless, CoreCivic denies all allegations of wrongdoing.

8

92.     The allegation in paragraph 92 of the Amended Complaint that CoreCivic acted under color of state law is a legal conclusion to which no response is required.  CoreCivic denies the remaining allegations in paragraph 92 of the Amended Complaint and all allegations of wrongdoing.

93-103.     CoreCivic denies the allegations in paragraphs 93 through 103 of the Amended Complaint and all allegations of wrongdoing.

CoreCivic denies that Plaintiffs are entitled to the relief that they seek.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

CoreCivic acted at all times relevant to the Amended Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Plaintiffs harm.

### FOURTH DEFENSE

Plaintiffs failed to exhaust their administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### FIFTH DEFENSE

All or part of Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to Section 1983.

### SIXTH DEFENSE

Plaintiffs' claims against CoreCivic brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiffs cannot hold CoreCivic liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

9

## SEVENTH DEFENSE

CoreCivic was not deliberately indifferent.

## EIGHTH DEFENSE

Plaintiffs' claims against CoreCivic brought pursuant to Section 1983 cannot stand because Plaintiffs did not suffer physical injury.

## NINTH DEFENSE

Plaintiffs' claims sound in medical malpractice, and Plaintiffs failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

## TENTH DEFENSE

Title II of the Americans with Disabilities Act ("ADA") does not apply to private entities, like CoreCivic, even if those private entities contract with governmental entities.

## ELEVENTH DEFENSE

Plaintiffs are not qualified individuals with disabilities under the ADA.

## TWELFTH DEFENSE

CoreCivic did not, by reason of their claimed disabilities, exclude Plaintiffs from participation in or deny Plaintiffs the benefits of any activities, programs, or services or subject Plaintiffs to discrimination.

## THIRTEENTH DEFENSE

Section 504 of the Rehabilitation Act does not apply to CoreCivic.

## FOURTEENTH DEFENSE

Plaintiffs do not have disabilities, and Plaintiffs were not denied the benefits of, excluded from participation in, or subjected to discrimination under any activity or program based upon any claimed disabilities.

10

## FIFTEENTH DEFENSE

Plaintiffs did not require accommodations, and CoreCivic did not fail to accommodate Plaintiffs.

## SIXTEENTH DEFENSE

The request for declaratory and injunctive relief is moot with respect to any Plaintiff who is not presently incarcerated at Trousdale.

## SEVENTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition is overbroad.

## EIGHTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition contains no temporal restriction.

## NINETEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the individual issues of law and fact affecting Plaintiffs lack commonality to the questions of law and fact affecting all putative class members.

## TWENTIETH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because Plaintiffs' claims are not typical of the claims of the members of the putative class.

11

## TWENTY-FIRST DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because Plaintiffs will not fairly or adequately protect the interest of putative class members.

## TWENTY-SECOND DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because: (1) there is no risk of inconsistent or varying adjudications with respect to individual putative class members that would establish incompatible standards of conduct by CoreCivic; and (2) adjudications with respect to the named Plaintiffs or as to any individual member of the putative class would not be dispositive of the interests of the other members of the putative class and would not substantially impair of impede the ability of the other members of the putative class to protect their individual interests.

## TWENTY-THIRD DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because CoreCivic has neither acted nor refused to act on grounds that apply generally to the class, and, thus, the requested injunctive relief and declaratory judgment are inappropriate with respect to the class as a whole.

CoreCivic requests that the Court dismiss the Amended Complaint with prejudice and tax costs to Plaintiffs.

CoreCivic demands a jury to try this cause.

12

Respectfully submitted,


/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Paige Ayres Nutini (#34133)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700
(615) 651-6701

/s/ Kyle V. Miller
Kyle V. Miller
(Mississippi Bar #102227)
Butler Snow LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, Mississippi 39158
(601) 948-5711
(601) 985-4500

*Counsel for Defendant CoreCivic, Inc.*

13

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this September 18, 2017, on the following:

| | |
|---|---|
| John C. Goldfarb<br>L. William Smith<br>Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC<br>The Kress Building<br>301 19th Street, North<br>Birmingham, Alabama 35203 | Charles P. Yezback, III<br>Yezback Law Offices<br>2002 Richard Jones Road, Suite B-200<br>Nashville, Tennessee 37215 |
| Jennifer L. Brenner<br>Torrey Samson<br>Civil Rights & Claims Division<br>Office of the Attorney General & Reporter<br>P.O. Box 20207<br>Nashville, Tennessee 37202 | |

/s/ Erin Palmer Polly

38251539v1

14