IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| DOUGLAS DODSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:17-cv-0048 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| CORECIVIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court, among other things, are the following Motions:

(1) Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket No. 43);

(2) Defendants' Motion to Dismiss and for Summary Judgment (Docket No. 46);

(3) Defendants' Motion for Extension of Time (Docket No. 64);

(4) Defendant CoreCivic's Motion to Stay Discovery (Docket No. 69);

(5) Defendant CoreCivic's Motion for Enlargement of Time (Docket No. 75);

(6) Defendant CoreCivic's Motion for Leave to Exceed Page Limitation (Docket No. 79);

(7) State Defendant's Motion for Extension of Time (Docket No. 83);

(8) Defendant CoreCivic's Motion for Extension of Time (Docket No. 84);

(9) Plaintiffs' Motion for Extension of Time (Docket No. 98); and

(10) Plaintiff's Motion for Leave to File Excess Pages (Docket No. 99).

Defendants' Motions to Dismiss and for Summary Judgment (Docket Nos. 43 and 46) are denied

as moot, given Plaintiffs' filing of an Amended Complaint (Docket No. 55). Defendants' Motions for

Extensions of Time and to Exceed Page Limitations (Docket Nos. 64, 75, 79, 83, 84, 98 and 99) are GRANTED but are essentially moot, as these extensions of time have passed and the documents exceeding page limitations have been filed.

This case was filed on January 12, 2017. The Initial Case Management Order (Docket No. 33) sets deadlines for written discovery and depositions of fact witnesses as May 25, 2018. Plaintiffs were required to disclose any experts by December 1, 2017, and Defendants were required to disclose any experts by January 12, 2018. All experts must be deposed by March 23, 2018. Dispositive motions are due by June 15, 2018, and the trial of this action is set for December 11, 2018.

Defendant CoreCivic's Motion to Stay Discovery (Docket No. 69) asks the Court to stay discovery pending resolution of CoreCivic's Supplemental Motion to Dismiss and for Summary Judgment. Plaintiffs ask the Court, through the Affidavit of their counsel (Docket No. 73), for time to complete discovery pursuant to Fed. R. Civ. P. 56(d), which, by its terms, applies to the summary judgment motion only.[1] CoreCivic's Supplemental Motion to Dismiss and for Summary Judgment asks the Court to enter summary judgment for CoreCivic and against Plaintiffs Dodson, Judd, Little, Vick and Young based on CoreCivic's argument that the named Plaintiffs failed to exhaust their administrative remedies (See Docket No. 60).

Plaintiffs have requested that CoreCivic produce "each and every grievance or complaint, whether formal or informal, filed by an inmate with insulin dependent diabetes at Trousdale Turner [the facility at issue], . . . including all documents showing the outcome of the grievance or complaint." (Docket No. 68-3

---

[1]     The Supplemental Motion of the State Defendants (Tennessee Department of Corrections and Commissioner Tony Parker) is a Motion to Dismiss only.

2

at p. 30 - Request No. 11). This request is overly broad. Plaintiffs are entitled to a response to this request limited to the named Plaintiffs only. This case had not been certified as a class action. Plaintiffs argue, in Response to the Motion to Stay Discovery, that they need information regarding other inmates with insulin dependent diabetes. This request is not relevant to the Motion for Summary Judgment, which addresses only the named Plaintiffs, and Plaintiffs cannot use Fed. R. Civ. P. 56(d), which is, by its very terms, applicable only to summary judgment, to respond to a Motion to Dismiss.[2]

It is not clear from Plaintiffs' counsel's Declaration whether CoreCivic has produced all documents related to grievances and administrative remedies of all named Plaintiffs. Accordingly, Plaintiffs' request for additional discovery pursuant to Fed. R. Civ. P. 56(d) is GRANTED to the limited extent of documents relevant to grievances and administrative remedies of the named Plaintiffs only. To the extent those documents have not already been provided, the Motion to Stay Discovery is DENIED, and CoreCivic shall provide any responsive documents to Plaintiffs by February 21, 2018. All other portions of CoreCivic's Motion to Stay Discovery are GRANTED, pending resolution of the pending dispositive motions.

To the extent production of these documents provides additional information relevant to Plaintiffs' Response to the summary judgment portion of CoreCivic's Supplemental Motion to Dismiss and for Summary Judgment, Plaintiffs shall file any Supplemental Response, limited only to the issue of failure to exhaust administrative remedies, by March 7, 2018.

---

[2]    In addition, the Court, with few exceptions not argued here, is not to consider documents outside the pleadings in ruling on a motions to dismiss.

Remaining for decision by the Court are (1) CoreCivic's Supplemental Motion to Dismiss and for Summary Judgment (Docket No. 59); (2) the State Defendants' Supplemental Motion to Dismiss (Docket No. 65); and (3) Plaintiffs' Motion to Certify a Class (Docket No. 68).

IT IS SO ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4