# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS DODSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00048 |
| ) | |
| CORECIVIC, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE |
| Defendants. ) | FRENSLEY |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Class Certification (Doc. No. 68).

BACKGROUND

Plaintiffs and potential class members are inmates who are, or have been, incarcerated at Trousdale Turner Correctional Facility ("Trousdale"), a private prison owned and operated by Defendant CoreCivic ("CCA"), formerly Corrections Corporation of America. Plaintiffs and the proposed class are persons with insulin-dependent diabetes who require blood sugar monitoring and insulin administration in coordination with regular mealtimes. Plaintiffs assert that Defendants have deprived, and continue to deprive, Plaintiffs of access to this basic diabetes care at Trousdale.

Plaintiffs allege that Defendants Tennessee Department of Corrections ("TDOC"), Parker (as Commissioner), and CCA have denied Plaintiffs and potential class members accommodations for their disabilities as required by the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") by assigning them to incarceration at Trousdale. Plaintiffs also aver that CCA has subjected Plaintiffs and potential class members to cruel and

unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, through policies and practices that manifest deliberate indifference to Plaintiffs' serious medical needs, specifically access to basic diabetes care - blood sugar monitoring and insulin administration in coordination with regular mealtimes. Plaintiffs contend that these actions by all Defendants have caused them serious injury.

Plaintiffs' purported class action seeks declaratory and injunctive relief only. Plaintiffs ask the Court to certify a class of all persons with insulin-dependent diabetes who are, have been, or may become housed at Trousdale. Doc. No. 68 at 16. Plaintiffs ask the Court to certify the class under Fed. R. Civ. P. 23(a) and 23(b)(1) or (b)(2).

## CLASS CERTIFICATION

In order to certify a class, the Court must be satisfied that Plaintiff has met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Abriq v. Metropolitan Gov't. of Nashville/Davidson County*, 2018 WL 2100328 (M.D. Tenn. May 7, 2018); *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002). The decision whether to certify a class, committed to the sound discretion of the

district judge, turns on the particular facts and circumstances of each individual case. *Graham v. Parker*, 2017 WL 1737871 at * 2 (M.D. Tenn. May 4, 2017); *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994). The party seeking class certification bears the burden of showing that the requirements for class certification are met. *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016); *Mays v. Tenn. Valley Authority*, 274 F.R.D. 614, 618 (E.D. Tenn. 2011).

Numerosity

Rule 23 requires that the potential class be so numerous that joinder of all members is impracticable. While there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. *In re Polyurethane Foam Antitrust Litig.*, 314 F.R.D. 226, 237 (N.D. Ohio 2014); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Whether joinder is impracticable depends on the particular circumstances of each case. *Krieger v. Gast*, 197 F.R.D. 310, 314 (W.D. Mich. 2000). Some of the factors the Court may consider are class size, ease of identification of members of the proposed class, geographic distribution of class members, and the ability of the class members to pursue individual actions. *Id*.

Plaintiffs assert that the number of inmates with insulin-dependent diabetes at Trousdale easily exceeds forty at any one time. Plaintiffs allege that joinder is impracticable because of Defendants' transfers of inmates to other facilities and because of the requirement that each inmate file and exhaust his or her grievances. Defendants argue that the affected inmates can bring their own individualized actions, each inmate's case requires an individual evaluation, and the class definition is not sufficiently limited.

3

The Court finds that the potential class size weighs in favor of class certification. Because of Defendants' own records (including medical records of inmates), identification of inmates who are, or have been, incarcerated at Trousdale and have insulin-dependent diabetes should not be a difficult task. Although there is no evidence before the Court as to the geographic distribution of the potential class members, if they are still under the control of the Tennessee Department of Corrections, they are likely somewhere in the state prison system. Finally, as to the ability of the class members to pursue individual actions, inmates often pursue *pro se* actions, but the Court notes that prisoners often have limited opportunities to litigate their grievances. Moreover, separate, individual actions for the specific injunctive relief sought here could result in overlapping and even inconsistent rulings. The Court finds that the numerosity requirement has been met.

Class Definition

In *Young v. Nationwide Ins. Co.*, 693 F.3d 532 (6th Cir. 2012), the Sixth Circuit held that before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. *Id.* at 537-38. In *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016), the court held that ascertainability is not an additional requirement, however, for certification of a Rule 23(b)(2) class seeking only injunctive and declaratory relief. *Id*.

Here, Plaintiffs are seeking injunctive and declaratory relief, which would affect all current and future Trousdale inmates with insulin-dependent diabetes who require access to

4

blood sugar checks and insulin administration in coordination with regular mealtimes.[1] Because Plaintiffs seek only injunctive and declaratory relief, not damages, the Court will not include those inmates who were housed at Trousdale in the past, except the current named Plaintiffs, Dodson and Vick. Therefore, the class will have to be more precisely defined as: "all inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at Trousdale Turner Correctional Facility and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes."[2] This definition encompasses Plaintiffs' and the purported class' claims against CCA.

This purported class is also appropriate for Plaintiffs' claims against TDOC and Parker. Plaintiffs' claims against TDOC and Parker are limited to those inmates with insulin-dependent diabetes who were assigned or transferred by TDOC to Trousdale and, therefore, were allegedly not given appropriate accommodations for their disabilities (diabetes). The alleged appropriate accommodation is access to blood sugar checks and insulin administration in coordination with regular mealtimes, just as with the Plaintiffs' constitutional claims, and the class of insulin-dependent inmates is the same.

Commonality

---

[1] This proposed class is "fluid," as inmates come in and out of Trousdale, sometimes being transferred to other prisons and sometimes being released. Class certification could insure against the danger of this action becoming moot. *See, e.g., Reynolds v. Giuliani*, 118 F. Supp. 2d 352, 391-92 (S.D. N.Y. 2000) (class certification not a mere formality because it can guard against the danger of the action becoming moot). In *Reynolds*, as here, the danger of mootness was magnified by the fact that the defendants had the ability to moot the claims of the named plaintiffs. *Id*.

[2] Under Rule 23(b)(2), there is no requirement that the identities of all class members even be ascertained. *Cole*, 839 F.3d at 542.

5

Case 3:17-cv-00048   Document 142   Filed 10/03/18   Page 5 of 11 PageID #: 2547

Rule 23's second requirement for class certification is that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, Plaintiff must show that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2555 (2011). Their claims must depend upon a common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. *Id*. at 2551; *Food Lion, LLC v. Dean Foods Co.*, 312 F.R.D. 472, 483 (E.D. Tenn. 2016).

What matters to class certification is not the raising of common questions, but the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. *Wal-Mart*, 131 S.Ct. at 2551. There need be only a single issue common to all members of the class. *Emergency Med. Care Facilities v. BlueCross BlueShield of Tenn., Inc.*, 2016 WL 7429256 at * 4 (W.D. Tenn. April 15, 2016).[3]

The Court finds that, if it limits the class as set forth above, the most important common questions in this case, with regard to Defendant CCA, are whether CCA fails to provide insulin-dependent inmates with access to blood sugar checks and insulin administration in coordination with regular mealtimes at Trousdale and, if so, whether that failure is unconstitutional. The common questions with regard to Defendants TDOC and Parker are whether their assignments of insulin-dependent inmates to Trousdale violate those inmates' ADA rights by failing to provide reasonable accommodations for their diabetes. These claims are based

---

[3] The mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996); *see also Young*, 693 F.3d at 543 (presence of questions peculiar to

6

upon the same legal theories and will be subject to the same proof. The purported class members have the same basic medical needs for access to blood sugar checks and insulin administration as the named Plaintiffs.[4]

Defendants argue that the proposed common questions will not generate common answers apt to drive the litigation to resolution. Yet CCA either provided insulin dependent inmates with access to blood sugar checks and insulin administration in coordination with regular mealtimes at Trousdale, or they did not. If they did not, that failure is either deliberately indifferent to Plaintiffs' medical needs, or it is not. CCA's alleged failure to provide access to this specific care either rose to the level of a policy, practice or custom, or it did not. If the insulin-dependent class members are specifically defined as those requiring access to blood sugar checks and insulin administration in coordination with regular mealtimes, the answers to those questions apply to them all. Similarly, the assignments of these insulin-dependent inmates to Trousdale (by TDOC and Parker) either violated their ADA rights, or they did not. TDOC and Parker either failed to give class members a reasonable accommodation by assigning them to a prison that did not provide access to blood sugar checks and insulin administration in coordination with mealtimes, or they did not.

Defendants' reliance upon the Seventh Circuit's opinion in *Phillips v. Sheriff of Cook County*, 828 F.3d 541 (7th Cir. 2016) is misplaced. In *Phillips*, the plaintiffs alleged a denial of

---

each individual member of the class was no bar when liability arose from a single course of conduct).

[4] Plaintiffs contend that whether Plaintiffs' medical conditions involve a serious medical need for access to blood sugar checks and insulin in coordination with regular mealtimes is one that can be answered "in one stroke," based on objective evidence, because the purported class consists solely of individuals with the same medical condition - insulin-dependent diabetes.

7

adequate dental care. The plaintiffs' dental needs were not all the same and their circumstances were not all the same. Here, Plaintiffs allege that they and the proposed class members (those with Type I and insulin-dependent Type II diabetes) all need access to blood sugar checks and insulin administration in coordination with regular mealtimes, and Plaintiffs contend those needs are not met at Trousdale. Similarly, TDOC's reliance upon *Kress v. CCA of Tenn., LLC,* 694 F.3d 890 (7th Cir. 2012) is also misplaced, because that case involved claims of generally inadequate medical care under different circumstances.[5]

For these reasons, the Court finds that Plaintiffs have sufficiently shown commonality for purposes of Rule 23(a) certification.

Typicality

Rule 23(a) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the members of the class. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and if his claims are based on the same legal theory. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 636 (M.D. Tenn. 2018). Commonality and typicality tend to merge because both of them serve as guideposts for determining whether, under the particular circumstances, maintenance of a class action is economical, and whether the plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *Id*.

---

[5] TDOC asserts that the members of the class cannot collectively satisfy the requirements of an Eighth Amendment "deliberate indifference" claim. Doc. No. 89 at 8 and 13. Plaintiffs do not assert an Eighth Amendment claim against TDOC.

Defendants argue that the named Plaintiffs are no longer incarcerated at Trousdale and, therefore, lack both a legal and a personal interest in this litigation. Thus, they argue, Plaintiffs' claims are not typical of the class. The Court has addressed this issue in ruling on the pending disposition motions and found that, under the circumstances presented here, the named Plaintiffs have standing to bring this action, despite being transferred to other facilities. Plaintiffs, on the other hand, contend that the claims of all of the named Plaintiffs are typical of the class claims because they are all inmates, who either were or are currently at Trousdale, with the same medical condition (insulin-dependent diabetes) and the same serious medical need for access to blood sugar checks and insulin administration in coordination with regular mealtimes.[6]

Here, the named Plaintiffs' interests - in receiving access to blood sugar checks and insulin administration in coordination with regular mealtimes - align with those of the class as defined by the Court above. In pursuing their own claims for injunctive relief, the named Plaintiffs will also advance the interests of the class members. Because Plaintiffs have alleged both a single practice or course of conduct and a single theory of liability that gives rise to the claims of the class members as to each Defendant, the Court finds that Plaintiffs' claims are typical of the class.

Adequacy

The adequacy requirement under Rule 23(a) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Young*, 693 F.3d at 543. A class representative must be part of the class and possess the same interest and suffer the same injury

---

[6] Plaintiffs also assert that all the named Plaintiffs, as a group, have documented repeated instances when access to basic diabetes care was denied by CCA to inmates with insulin-dependent diabetes, on a class-wide basis.

9

as the class members. *Id*. In addition, it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *Id*.

For the reasons the Court found there to be commonality and typicality, it also finds that the named Plaintiffs will adequately represent the class. Defendants do not appear to contest, and the Court finds, that Plaintiffs' counsel are qualified to represent the class in this action.

Rule 23(b)(1) and 23(b)(2)

Rule 23(b)(1) provides that a class action may be maintained if Rule 23(a) is satisfied and proceeding with separate actions by individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would substantively impair or impede their ability to protect their interests.

Here, as noted above, individual lawsuits concerning the injunctive relief sought by Plaintiffs could easily lead to inconsistent judgments and incompatible standards of conduct related to insulin-dependent inmates. Courts could arrive at different conclusions as to whether the same conduct is unconstitutional and how to remedy that conduct if it is. Different judges could have different views on the constitutionality of Defendants' conduct and/or different views on what injunctive relief is most appropriate. These overlapping issues could substantively impair or impede individual inmates' ability to protect their interests.

Alternatively, Rule 23(b)(2) states that a class action may be maintained if the requirements of Rule 23(a) are met and if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole. The Supreme Court has stated that Rule 23(b)(2) applies when a single injunction or declaratory judgment would provide relief to each member of the class. *Wal-Mart*, 131 S.Ct. at 2557.[7]

Plaintiffs allege one pattern or practice of conduct by CCA toward insulin-dependent diabetic inmates --- refusing to provide access to blood sugar checks and insulin administration in coordination with regular mealtimes. The same alleged misconduct applies to all potential class members. Final injunctive relief or corresponding declaratory relief would affect the class as a whole. Plaintiffs are seeking injunctive relief that will benefit an entire class of insulin-dependent inmates. Therefore, Plaintiffs have satisfied Rule 23(b)(1) and, alternatively, Rule 23(b)(2).

## CONCLUSION

Plaintiffs have met the requirements of Rule 23(a), Rule 23(b)(1) and 23(b)(2). The Court will certify a class as follows:

"All inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at Trousdale Turner Correctional Facility and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes."

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Rule 23(b)(1) and (2) are "mandatory classes" that provide no opportunity for members to opt out and do not require notice of the action. *Id*. at 2558.

11

Case 3:17-cv-00048   Document 142   Filed 10/03/18   Page 11 of 11 PageID #: 2553