IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS DODSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-00048 |
| | ) | |
| CORECIVIC, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| Defendants. | ) | FRENSLEY |

**<u>MEMORANDUM</u>**

Pending before the Court are a Motion to Intervene as Plaintiff (Doc. No. 106), filed by

the American Diabetes Association ("the Association"), and a related Motion for Leave to File

Second Amended Complaint (Doc. No. 109), filed by Plaintiffs.

BACKGROUND

Plaintiffs are inmates who are, or have been, incarcerated at Trousdale Turner

Correctional Facility ("Trousdale"), a private prison owned and operated by Defendant

CoreCivic ("CCA"), formerly Corrections Corporation of America. Plaintiffs and the proposed

class members are persons with insulin-dependent diabetes who require access to blood sugar

monitoring and insulin administration in coordination with regular mealtimes. Plaintiffs assert

that Defendants have deprived, and continue to deprive, Plaintiffs of access to basic diabetes care

at Trousdale.

Plaintiffs have asserted claims under the Rehabilitation Act, Title II of the Americans

with Disabilities Act ("ADA"), and the Eighth and Fourteenth Amendments of the U.S.

Constitution for Defendants' alleged failure to provide access to basic diabetes care - blood sugar

monitoring and insulin administration in coordination with regular mealtimes. Plaintiffs seek declaratory and injunctive relief only. The American Diabetes Association seeks to intervene as a party Plaintiff in order to redress its own alleged injuries caused by Defendants' activity and to ensure that any injunctive relief obtained is consistent with its Standards of Care for Diabetes. Doc. No. 106 at 2-3.

## INTERVENTION

Rule 24 of the Federal Rules of Civil Procedure provides for two kinds of intervention: intervention as of right and intervention with permission. Upon proper motion, a court *must* permit anyone to intervene who claims an interest relating to the subject of the action and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a). Upon proper motion, a court *may* permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b).

To intervene as a matter of right, a proposed party must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest. *Kirsch v. Dean*, 733 Fed. App'x. 268, 274 (6th Cir. 2018); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000). Although Rule 24 should be broadly construed in favor of potential intervenors, failure to meet any one of these criteria will require that the motion to intervene be denied. *Kirsch*, 733 Fed. App'x at 274.

2

The Supreme Court has admonished that a court must first be satisfied as to timeliness under Rule 24. *Kirsch*, 733 Fed. App'x at 274 (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)). The court must evaluate timeliness in the context of all relevant circumstances and consider the following five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties because of the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Kirsch*, 733 Fed. App'x at 274-75 (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

A review of the progress of this litigation is helpful. Plaintiffs filed this action on January 12, 2017. The Initial Case Management Order was entered by the Magistrate Judge on April 7, 2017. Defendants filed their first dispositive motions on August 17 and 18, 2017. Plaintiffs filed an Amended Complaint on September 14, 2017. Defendants' supplemental dispositive motions were filed on September 18 and 26, 2017. Plaintiffs moved to certify a class on September 27, 2017. The case was reassigned on January 19, 2018, and the Court denied Defendants' original dispositive motions as moot on February 2, 2018. The Court then stayed discovery, pending resolution of the dispositive motions. The Association filed its Motion to Intervene on March 5, 2018.

The Association admits that it knew about this lawsuit from its beginning, having advised Plaintiff Dodson, helped him find counsel, and worked with and advised Plaintiffs' counsel. The Association contends that this action is in its early stages - no depositions have been taken, little

written discovery has been conducted, and no advanced motions have been filed. This last assertion is incorrect - there are two dispositive motions pending before the Court at this time, motions that could end the entire case.

Defendants, on the other hand, argue that this case is far from its early stages. Defendants assert that the parties have completed written discovery responses, thousands of pages of documents have been exchanged, expert witnesses have been disclosed, those disclosures have been supplemented, and briefing is complete on the pending dispositive motions and the motion to certify a class.

The Court finds that the Association's Motion to Intervene is untimely. This suit has been filed for 19 months. Defendants have filed Motions to Dismiss and Supplemental Motions to Dismiss, which are fully briefed. Plaintiffs have moved to certify a class, which is being contemporaneously granted. Now that the pending dispositive motions are decided, the stay of discovery can be lifted. The case is set for trial next June.

The Association has known about this lawsuit and has counseled Plaintiffs and their counsel since the very beginning of the case. Waiting until after the Supplemental Motions to Dismiss were briefed and the case had been pending for more than a year is untimely. Moreover, the Association contends that it wishes to redress its own injuries, but the Court sees those injuries are merely its fees for providing counsel to Plaintiffs and monitoring this action. Also, the Court finds that the named Plaintiffs can adequately protect the Association's interests in the case.

For these reasons, the Association's Motion to Intervene will be **DENIED**. Accordingly, Plaintiffs' Motion for Leave to File Second Amended Complaint will also be **DENIED**.

4

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5