**NOTICE TO CLASS MEMBERS
OF PROPOSED SETTLEMENT JUDGMENT
FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

**ATTENTION ALL INMATES PLACED AT THE
TROUSDALE TURNER CORRECTIONAL CENTER**

This notice sets forth the basic terms of the proposed settlement reached in the class action lawsuit *Dodson, et al. v. CoreCivic, Inc., et al.*, Case No. 3:17-CV-48, which is set forth in the attached proposed Judgment (hereinafter "Judgment"), and advises class members of their procedural rights relating to the proposed Judgment. The settlement class in this lawsuit has been defined as the following:

> All inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at the Trousdale Turner Correctional Center (hereinafter "Trousdale") and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes.

**DESCRIPTION OF THE CLASS ACTION**

The plaintiffs filed this civil rights class action lawsuit in January 2017 seeking declaratory and injunctive relief and alleging that the defendants have deprived, and continue to deprive, inmates with insulin-dependent diabetes of access to basic diabetes care at Trousdale. The plaintiffs previously were incarcerated at Trousdale. The plaintiffs sought class certification, an award of attorneys' fees and expenses, and declaratory and injunctive relief, which included a request that insulin-dependent inmates be provided with access to blood sugar checks and insulin administration in coordination with regular mealtimes. The defendants have denied these allegations. The parties participated in extended negotiations. The proposed Judgment is the result of those negotiations and represents the understanding of the parties about CoreCivic's protocol for providing insulin-dependent inmates with access to blood sugar checks and insulin administration in coordination with regular mealtimes, as well as adding corresponding language to CoreCivic's written policies and training materials.

**DESCRIPTION OF THE PROPOSED JUDGMENT**

The proposed Judgment requires that insulin-dependent inmates will be provided with access to blood sugar checks and insulin administration in coordination with regular mealtimes. Most of the terms of the proposed Judgment are described below. Because the proposed Judgment contains many detailed provisions and is several pages in length, not all of the provisions can be described in this Notice. Therefore, the proposed Judgment is attached to this Notice. If the proposed Judgment is not attached to this Notice, copies of the proposed Judgment are being placed in the library at Trousdale to permit class members to read the document in its entirety.

The description of the proposed Judgment that follows is for the purpose of informing class members about the contents of the proposed Judgment. However, the language of the proposed Judgment, rather than the language of this Notice, will be binding on the parties. In light of this, interested class members should read the entire proposed Judgment.

Under the terms of the proposed Judgment, CoreCivic has established and implemented protocol to provide access to blood sugar checks and insulin administration in coordination with regular mealtimes. CoreCivic will continue with such protocol unless it determines that a different protocol is appropriate.

Additionally, CoreCivic will add language to its written policies and training materials at Trousdale to ensure insulin-dependent inmates' access to blood sugar checks and insulin administration in coordination with regular mealtimes. CoreCivic will remain subject to the terms of the proposed Judgment for two years after the proposed Judgment is approved by the Court.

Attorneys' fees and expenses for the plaintiffs' attorneys are subject to approval by the Court and will be paid by CoreCivic. CoreCivic has agreed to pay, at most, $99,950.00 in full satisfaction of any and all claims that counsel for the plaintiffs could have sought for an award of attorney's fees and expenses in this matter under any theory of recovery.

**THIS IS NOT A DAMAGES CLASS ACTION**

This action was settled only for injunctive relief. The proposed Judgment contains a release of claims by the class members relating to any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that were asserted or that could have been asserted against CoreCivic and a stipulated dismissal of Defendants Tennessee Department of Correction and Commissioner Tony Parker.

**HOW TO OBTAIN FURTHER INFORMATION**

This Notice only contains a summary of the proposed Judgment. The terms are set forth in greater detail in the proposed Judgment, which is attached and is available for review in the Trousdale library.

**FINAL APPROVAL HEARING AND OBJECTION
PROCEDURE**

The hearing for the final approval of the proposed Judgment has been scheduled for _____, 2019, at _____ before _____, United States District Court for the Middle District of Tennessee, 801 Broadway, Room 800, Nashville, Tennessee 37203.

Class members who wish to object to the proposed Judgment should file written objections with the Court stating their name, inmate number, and address and indicating the basis for their objection to the proposed Judgment no later than fourteen days before the hearing for the final approval of the proposed Judgment, by mailing objections to the Clerk of Court at the Court's address in the previous paragraph.

**ISSUED AT THE DIRECTION OF THE COURT**

**EXHIBIT B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DOUGLAS DODSON and JASPER VICK,** ) | |
| Plaintiffs, ) | |
| v. ) | No. 3:17-CV-48 |
| ) | District Judge Eli Richardson |
| **CORECIVIC, INC., THE TENNESSEE DEPARTMENT OF CORRECTION, and COMMISSIONER TONY PARKER,** ) | Magistrate Judge Jeffrey S. Frensley |
| ) | Jury Demand |
| Defendants. ) | |

## JUDGMENT

Pursuant to Federal Rules of Civil Procedure 54 and 58, and pursuant to the agreement of the parties as evidenced by the signature of their counsel below, JUDGMENT is hereby entered against Defendant CoreCivic, Inc. ("CoreCivic") in favor of Plaintiffs Douglas Dodson and Jasper Vick as representatives of the class that the Court certified – "All inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at [the] Trousdale Turner Correctional [Center] and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes" (Docket Entry 142) – as follows:

1. CoreCivic shall continue to provide Type I and insulin-dependent Type II diabetic inmates at the Trousdale Turner Correctional Center (collectively, "insulin-dependent inmates") access to blood sugar checks and insulin administration in coordination with regular mealtimes.

2. CoreCivic serves three meals a day at the Trousdale Turner Correctional Center. Presently, CoreCivic calls insulin-dependent inmates out of their housing units approximately thirty minutes before each meal. The insulin-dependent inmates only respond to the calls that are made before the meals for which they are scheduled to receive blood sugar checks and insulin administration. These insulin-dependent inmates are released to go to the gymnasium, where medical providers are stationed to provide them blood sugar checks and insulin administration. After the blood sugar checks and insulin administration, the insulin-dependent inmates are provided their meals in the gymnasium. This allows the insulin-dependent inmates to receive blood sugar checks and insulin administration in coordination with regular mealtimes. Upon completion of their meals, the insulin-dependent inmates return to their housing units. During periods of restricted movement and for those insulin-dependent inmates who are located in restrictive housing, medical providers go to the housing units of those inmates to provide blood sugar checks and insulin administration in advance of regular mealtimes. If an insulin-dependent inmate refuses a blood sugar check or insulin administration, medical providers attempt to obtain a signature from that insulin-dependent inmate that documents the refusal of medical treatment.

3. CoreCivic shall continue with the protocol set forth in paragraph 2 above at the Trousdale Turner Correctional Center unless CoreCivic determines that a different protocol is appropriate to provide insulin-dependent inmates blood sugar checks and insulin administration in coordination with regular mealtimes.

4. CoreCivic shall add the following language to its written policies at the Trousdale Turner Correctional Center: "Type I and insulin-dependent Type II diabetic inmates shall have access to blood sugar checks and insulin administration in coordination with regular mealtimes."

5. CoreCivic shall add the following language to its training materials at the Trousdale Turner Correctional Center: "Type I and insulin-dependent Type II diabetic inmates shall have access to blood sugar checks and insulin administration in coordination with regular mealtimes. The importance to inmate heath of compliance with this policy will be explained during training, including the serious health consequences that can result from failure to have access to insulin in coordination with regular mealtimes."

6. This Judgment shall remain effective for two (2) years from the date of entry.

7. Within thirty (30) days of the entry of this Judgment, CoreCivic shall pay to counsel for Plaintiffs the total sum of $99,950.00, in full satisfaction of any and all claims that counsel for Plaintiffs could have sought for an award of attorneys' fees and expenses in this matter under any theory of recovery, including but not limited to any such claims pursuant to 42 U.S.C. § 1988(b).

8. This Judgment is in full satisfaction of any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that were asserted or that could have been asserted against CoreCivic by Plaintiffs in this action. Except for the terms of this Judgment, any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that Plaintiffs asserted or could have asserted against CoreCivic, its past, present, and future agents, assigns, attorneys, directors, employees, independent contractors, insurers, officers, partners, predecessors, related professional associations or corporations, representatives, servants, successors in interest, and all other corporations, firms, or persons with whom any of the former have been, are now, or may hereinafter be affiliated shall be and are hereby released and forever barred.

9. All claims in this matter against Defendants The Tennessee Department of Corrections and Commissioner Tony Parker will be dismissed with prejudice by separate Order.

_____
JUDGE ELI RICHARDSON