UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS DODSON and JASPER VICK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:17-CV-48 District Judge Eli Richardson |
| CORECIVIC, INC., THE TENNESSEE DEPARTMENT OF CORRECTION, and COMMISSIONER TONY PARKER, | ) ) ) ) ) | Magistrate Judge Jeffrey S. Frensley Jury Demand |
| Defendants. | ) | |

## AMENDED MEMORANDUM OF LAW IN SUPPORT OF AMENDED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Douglas Dodson and Jasper Vick, as representatives of the class that the Court certified – "All inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at [the] Trousdale Turner Correctional [Center] and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes" ("Settlement Class"), (Docket Entry ("DE") 142) – by and through Class Counsel, and Defendant CoreCivic, Inc. ("CoreCivic"), by and through counsel, respectfully submit this Amended Memorandum of Law in support of their Amended Joint Motion for Preliminary Approval of Class Action Settlement and the proposed Judgment ("Judgment") (Exhibit A to Amended Motion) between Plaintiffs, on behalf of themselves and the Settlement Class, and CoreCivic.

## I. INTRODUCTION

Plaintiffs are insulin-dependent diabetics and contend that Defendants CoreCivic, the Tennessee Department of Correction ("TDOC"), and Commissioner Tony Parker ("Parker")

failed to provide them access to necessary diabetic treatment and failed to coordinate insulin administration with regular mealtimes during their respective incarcerations at the Trousdale Turner Correctional Center ("Trousdale"). (DE 55 ¶¶ 55-78). Defendants deny all allegations of wrongdoing and liability and are prepared to vigorously defend themselves if the litigation proceeds. Notwithstanding this reality, following extensive, good-faith, and arm's-length negotiations between experienced counsel, the parties have agreed to settlement terms that they believe fairly will resolve this action, avoid protracted, expensive, and uncertain litigation, and reasonably and adequately provide effective relief for members of the Settlement Class ("Settlement Class Members").

As further described in this Amended Memorandum, the proposed Judgment's terms are reasonable, fair, and adequate, and the proposed class notice program is comprehensive and provides the best practicable notice under the circumstances. (*See* Exhibit B to Amended Motion). Given the uncertainty of litigation, obstacles to Plaintiffs' success on the merits, and the difficulties inherent in maintaining certification of a liability class for purposes of trial, the substantial benefits that the proposed Judgment provides are a very favorable result for Plaintiffs and the Settlement Class. CoreCivic also recognizes the expense and other potential risks of litigating a class action such as this through trial (and possible appeals) and, therefore, is amenable to resolution on the terms set forth in the proposed Judgment.

Accordingly, Plaintiffs and CoreCivic jointly move this Court for an Order: (1) granting preliminary approval of the proposed Judgment (Exhibit A to Amended Motion); (2) approving the notice program and directing that notice be disseminated to the Settlement Class Members (Exhibit B to Amended Motion); and (3) scheduling a fairness hearing for a date no earlier than forty-five days after filing an Order preliminarily approving the proposed Judgment.

2

## II.  BACKGROUND

### A.      The Pending Litigation

Plaintiffs Douglas Dodson and Jasper Vick previously were incarcerated at Trousdale. (DE 55 ¶¶ 8-11).  CoreCivic operates Trousdale pursuant to a contract with the TDOC.  (DE 49 ¶ 2).  Plaintiffs contend that Defendants have deprived inmates with insulin-dependent diabetes of access to basic diabetes care at Trousdale.  (DE 146 at PageID 2561).  Plaintiffs assert claims pursuant to the Eighth Amendment, Fourteenth Amendment, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.  (DE 55 ¶¶ 79-103).

Following Plaintiffs' filing of their class action Complaint in this Court on January 12, 2017, the parties have engaged in vigorous motions practice.  (DE 1).  CoreCivic filed a Motion to Dismiss and for Summary Judgment, and the TDOC and Parker filed Motions to Dismiss. (DE 43, 46, 59, 65, and 152).  The parties fiercely litigated the American Diabetes Association's Motion to Intervene and Plaintiffs' Motion for Class Certification.  (DE 68, 106).  The parties also have engaged in extensive discovery.  In particular, CoreCivic has produced thousands of pages of documents, the parties have exchanged numerous answers to interrogatories, and the parties have engaged their own expert witnesses – both correctional and medical.

### B.      Settlement Negotiations and Mediation

In mid-2018, the parties began to explore the possibility of settlement.  Following Plaintiffs' initial demand, CoreCivic proposed an Offer of Judgment in December 2018.  Over the next several months, the parties negotiated the terms of the proposed Judgment.  As a result of extensive arm's-length negotiations, the parties have arrived at the proposed Judgment that is now before the Court.  Attorneys' fees and expenses were negotiated separate, apart, and following negotiation of the settlement benefits to the Settlement Class.

3

## III.  TERMS OF THE PROPOSED JUDGMENT

### A.      The Proposed Judgment's Benefits

Type I and insulin-dependent Type II diabetic inmates at Trousdale (collectively, "insulin-dependent inmates") will continue to be provided with the benefits of access to blood sugar checks and insulin administration in coordination with regular mealtimes.  (*See* Exhibit A to Amended Motion).  CoreCivic has established and implemented a protocol to provide such access to blood sugar checks and insulin administration and will continue with such protocol unless it determines that a different protocol is appropriate.  Furthermore, CoreCivic will add language to its written policies and training materials at Trousdale to ensure insulin-dependent inmates' access to blood sugar checks and insulin administration in coordination with regular mealtimes.  CoreCivic will remain subject to these terms of the proposed Judgment for two years from the date of entry of the Judgment.  (*See* Exhibit A to Amended Motion).

### B.      Attorneys' Fees and Expenses to Class Counsel

Attorneys' fees and expenses for Class Counsel are subject to approval by the Court and will be paid by CoreCivic.  CoreCivic has agreed to pay $99,950.00 in full satisfaction of any and all claims that counsel for Plaintiffs could have sought for an award of attorneys' fees and expenses in this matter under any theory of recovery.

The requested attorneys' fees and expenses are in addition to the relief that CoreCivic will provide to the Settlement Class under the terms of the proposed Judgment and will in no way reduce any benefit to Settlement Class Members.  The parties did not discuss the amount of attorneys' fees and expenses to Class Counsel until after reaching agreement on the benefits to the Settlement Class.

4

### C.    Releases

Upon entry of the Judgment and except for the terms of the Judgment, any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that Plaintiffs asserted or could have asserted against CoreCivic, its past, present, and future agents, assigns, attorneys, directors, employees, independent contractors, insurers, officers, partners, predecessors, related professional associations or corporations, representatives, servants, successors in interest, and all other corporations, firms, or persons with whom any of the former have been, are now, or may hereinafter be affiliated shall be released and forever barred. (*See* Exhibit A to Amended Motion). The proposed Judgment is in full satisfaction of any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that were asserted or that could have been asserted against CoreCivic by Plaintiffs in this action. (*Id.*). Furthermore, all claims in this matter against Defendants TDOC and Parker will be dismissed with prejudice. (*Id.*).

### D.    Settlement Notice

The Notice to Settlement Class Members ("Class Notice") will include: (1) personal delivery and/or placement of the notice in inmate mail to identifiable Settlement Class Members; and (2) posted notice at Trousdale in (a) the housing units where the Settlement Class Members are housed and (b) the location where the Settlement Class Members receive access to blood sugar checks and insulin administration. (Exhibit B to Amended Motion). CoreCivic will bear the cost of providing Class Notice, including the costs of reproducing and effecting delivery of such notice. (*Id.*). The Class Notice shall remain posted in all of the aforementioned locations until the fairness hearing. (*Id.*).

5

## IV.  THE PROPOSED JUDGMENT WARRANTS APPROVAL

"There is a strong public interest in encouraging settlement of complex litigation and class-action suits because they are notoriously difficult and unpredictable . . . ."  *Smith v. Ohio Dep't of Rehab. & Corr.*, 2012 WL 1440254, at *23 (S.D. Ohio Apr. 26, 2012) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)).  Furthermore, settling class actions "conserves judicial resources."  *Id.*

Court approval of a class-action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, *i.e.*, the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate[,] and reasonable."  *Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983)).

### A.      Legal Standard for Preliminary Approval

Pursuant to Fed. R. Civ. P. 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  A settlement must be fair, reasonable, and adequate, *id.*, "as well as consistent with the public interest."  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (quoting *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 350 (6th Cir. 1986)).

At this initial stage, the proposed Judgment "should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys,' and (2) 'appears to fall within the range of possible approval.'"

6

*Meyers v. Dtna Trucks N. Am., LLC*, 2014 WL 12531121, at *4 (W.D. Tenn. Oct. 8, 2014)

(quoting *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *11 (E.D. Mich. Aug.

2, 2010)). "Moreover, when a settlement is the result of extensive negotiations by experienced

counsel, the Court should presume it is fair." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204

F.R.D. at 350-51 (citing *Williams*, 720 F.2d at 923). Here, all of these considerations are met,

and preliminary approval of the settlement set forth in the proposed Judgment is favored.

### B.    Legal Standard for Final Approval

While the Court need not determine at present whether it ultimately will approve the

Judgment, the factors considered at the final-approval stage strongly favor approval. District

courts determine a proposed settlement's fairness, reasonableness, and adequacy based on:

> (1) the risk of fraud or collusion; (2) the complexity, expense and
> likely duration of the litigation; (3) the amount of discovery
> engaged in by the parties; (4) the likelihood of success on the
> merits; (5) the opinions of class counsel and class representatives;
> (6) the reaction of absent class members; and (7) the public
> interest.

*In re Packaged Ice Antitrust Litig.*, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018) (citing *Int'l*

*Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Among these factors,

the most important "is the probability of success on the merits. The likelihood of success, in

turn, provides a gauge from which the benefits of the settlement must be measured." *Id.* (quoting

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011)).

### C.    Likelihood of Success on the Merits

"The most important of the factors to be considered in reviewing a settlement is the

probability of success on the merits. The likelihood of success, in turn, provides a gauge from

which the benefits of the settlement must be measured." *Smith*, 2012 WL 1440254, at *19

(quoting *Poplar Creek*, 636 F.3d at 245). In other words, this factor measures "whether the

settlement agreement could be even 'sweeter.'" *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 353.

Here, the investigation and discovery that has been conducted, the extensive briefing on the dispositive motions, and the protracted negotiations have positioned the parties to acknowledge the true uncertainty of whether Plaintiffs could succeed on the merits of their case. The parties' expert witnesses have drawn contrasting opinions, and no single party has consistently prevailed on dispositive motions. Plaintiffs' claims, particularly given the inherent difficulty in successfully establishing them under established precedent, leave significant uncertainty as to which Party will prevail. Examining a similar Eighth Amendment class action by inmates, another district court within the Sixth Circuit found that the difficulty of Plaintiffs' burden on that claim favored approval of the proposed settlement regarding this factor.

> In order to prevail on an Eighth Amendment claim such as that presented in this case, plaintiffs must establish that defendants were deliberately indifferent to the health or safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In this regard, plaintiffs must bear "the onerous burden of proving [an] official's subjective knowledge" when establishing deliberate indifference. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). *See also Jones v. Muskegon County*, 625 F.3d 935, 947 (6th Cir. 2010) (stating that deliberate indifference "is a very high standard of culpability, exceeding gross negligence") (quoting *Ross v. Duggan*, 402 F.3d 575, 590 n.7 (6th Cir. 2004) (internal quotation marks omitted). Failure to meet this high standard would foreclose all possibility of relief for the Class. Experienced counsel on both sides of the case acknowledge that establishing liability and causation in this action would be difficult. The uncertainty surrounding plaintiffs' ability to establish their claims weighs in favor of approving the Private Settlement Agreement.

*Smith*, 2012 WL 1440254, at *19. This factor favors preliminary approval of the Judgment.

8

D.    **Risk of Fraud or Collusion**

"Unless there is evidence to the contrary, '[c]ourts presume the absence of fraud or collusion in class action settlements[.]'" *Smith*, 2012 WL 1440254, at *18 (quoting *Leonhardt v. ArvinMeritor, Inc.*, 581 F.Supp.2d 818, 839 (E.D. Mich. 2008)).  Here, settlement discussions were extensive, protracted, and involved several back-and-forth negotiations between the parties, thus evidencing a lack of fraud or collusion.  Class Counsel and Defendants engaged in good faith, arm's-length negotiations after years of litigation.  Accordingly, this prong points toward the fairness of the proposed Judgment.

E.    **Complexity, Expense, and Likely Duration of the Litigation**

Considering analogous claims and facts, the *Smith* Court also found that this factor weighed in favor of approving settlement:

> In considering the next factor, it is indisputable that this action raises complex constitutional factual and legal issues and involves complicated scientific and medical evidence.  Absent settlement, resolution of the litigation is likely to require many years more, would be extremely expensive and may entail an appeal from any judgment entered by this Court.  This factor therefore weighs in favor of approving the Private Settlement Agreement.

*Smith*, 2012 WL 1440254, at *19.  Similarly, this case raises difficult legal and factual claims and entails dense, complex evidence pertaining to diabetic needs and treatment.  Without settlement, further discovery and motion practice would be financially onerous for all parties. Thus, this factor indicates that the proposed Judgment should be approved.

F.    **Amount of Discovery Engaged in by the Parties**

The parties have engaged in extensive discovery over the past two years.  Notably, Defendants have produced over five thousand pages of documents, and all parties have written and responded to numerous interrogatories.  Additionally, the parties have secured expert

witnesses, resulting in several expert disclosures and reports that have been prepared and distributed. Such discovery "afforded the [P]arties the opportunity to assess the strengths and weaknesses of each side. This factor therefore weighs in favor of finding the . . . [proposed Judgment] . . . fair, adequate, and reasonable." *Smith*, 2012 WL 1440254, at *19.

G. **Opinions of Class Counsel and Class Representatives**

By the time CoreCivic proposed an Offer of Judgment in December 2018, the parties were acutely aware of the strengths and weaknesses of this case and had considered the merits of Plaintiffs' claims and Defendants' defenses. Experienced and knowledgeable counsel, who had the benefit and wealth of fact discovery and expert opinions, conducted these negotiations. Counsel on both sides of this case recommend and request approval of the proposed settlement set forth in the Judgment, "and this recommendation is entitled to deference." *Smith*, 2012 WL 1440254, at *20 (citing *Williams*, 720 F.2d at 922-23). "'The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs[,]' and that deference 'should correspond to the amount of discovery completed and the character of the evidence uncovered.'" *Id*. (quoting *Williams*, 720 F.2d at 922-23). As in *Smith*, Class Counsel and CoreCivic's counsel "ask the Court to approve the [Judgment], which they believe is in the best interests of the Class because it will improve prison conditions and bring immediate relief." *Id*.

H. **Reaction of Absent Class Members**

In light of the Settlement Class Members' incarceration, they depend entirely on CoreCivic to provide the benefits of the proposed Judgment—access to blood sugar checks and insulin administration in coordination with regular mealtimes. Given that Plaintiffs only seek

such declaratory and injunctive relief and do not additionally seek monetary damages, the parties expect few, if any, objections.  (*See* DE 55 ¶ 5-6, IX).

## I.  <u>Public Interest</u>

Public interest strongly encourages settlement of class actions due to their inherent difficulties and unpredictability.  *See Smith*, 2012 WL 1440254, at *23.  Providing insulin-dependent inmates with access to blood sugar checks and insulin administration in coordination with regular mealtimes improves prison stability and efficiency for inmates and staff, "which in turn furthers society's broader interests."  *Id*.  In sum, "creating a safer environment at [Trousdale] serves the public interest, which weighs in favor of approving the" proposed Judgment.  *Id*.

## V.  <u>THE PROPOSED NOTICE PLAN SHOULD BE APPROVED</u>

According to Rule 23, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  FED. R. CIV. P. 23(e)(1).  As the Sixth Circuit further has explained:

> The Due Process Clause, moreover, gives unnamed class members the right to notice of the settlement of a class action.  *DeJulius*, 429 F.3d at 943-44 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).  To comport with the requirements of due process, notice must be "reasonably calculated to reach interested parties."  *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (quoting *Mullane*, 339 U.S. at 318-20); *see also DeJulius*, 429 F.3d at 944.  Due process does not, however, require actual notice to each party intended to be bound by the adjudication of a representative action.  *DeJulius*, 429 F.3d at 944 (citing *Mullane*, 339 U.S. at 313-14) . . . .

*In re Packaged Ice Antitrust Litig.*, 2018 WL 4520931, at *4-5 (6th Cir. May 24, 2018) (quoting *Fidel v. Farley*, 534 F.3d 508, 513-14 (6th Cir. 2008)).  "[A]ll that the notice must do is 'fairly apprise the prospective members of the class of the terms of the proposed settlement' so that

11

class members may come to their own conclusions about whether the settlement serves their interests." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 759 (6th Cir. 2013) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007)). The Class Notice has been developed with the thought of providing the most comprehensive notice possible, with a reach that more than satisfies the Sixth Circuit's requirements.

The Class Notice provides clear and accurate information as to: (1) the nature and principal terms of the proposed settlement set forth in the Judgment, including the injunctive relief the Judgment will provide Settlement Class Members; (2) the procedures and deadlines for submitting objections; (3) the date, time, and place of the fairness hearing; and (4) the maximum amount of attorneys' fees and expenses that may be sought by Class Counsel, pursuant to Fed. R. Civ. P. 23(h). *See Meyers v. Dtna Trucks N. Am., LLC*, 2014 WL 12531121, at *10 (W.D. Tenn. Oct. 8, 2014) (approving settlement notice that included class definition, purpose of notice, and class members' ability to object). Specifically, the Class Notice will include: (1) personal delivery and/or placement of notice in inmate mail to identifiable Settlement Class Members; and (2) posted notice at Trousdale in (a) the housing units where Settlement Class Members are housed and (b) the location where Settlement Class Members receive access to blood sugar checks and insulin administration. (Exhibit B to Amended Motion); *see Smith*, 2012 WL 1440254, at *15 (approving proposed notice where prison posted copies of proposed notice in similar locations); *see also Webster v. Sowders*, 928 F.2d 1134 (6th Cir. 1991) (per curiam) (rejecting allegation of inadequate notice where settlement notice "stated the terms of the settlement and informed class members of their right to object" and "was hand-delivered to all class members still incarcerated and was mailed to the last known address of those who had been

12

released"). Accordingly, the parties respectfully request the Court direct Class Notice to all Settlement Class Members. (Exhibit B to Amended Motion).

## VI. A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The Court should schedule a fairness hearing to consider all required information to determine that class certification is proper and that the proposed Judgment should be approved. *See* Fed. R. Civ. P. 23(e)(2). "A fairness hearing contains several procedural safeguards: parties to the settlement must proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement; class members 'may object to [the] proposed settlement' on the record; and class members have a right to participate in the hearing." *Meyers*, 2014 WL 12531121, at *4 (quoting *UAW*, 497 F.3d at 635). The fairness hearing will provide a forum for proponents and opponents to explain, describe, or challenge the terms of the proposed Judgment, including its fairness, adequacy, and reasonableness. Accordingly, the parties jointly request that the Court schedule the fairness hearing for a date no earlier than forty-five days after filing an Order preliminarily approving the Judgment.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs and CoreCivic jointly request that the Court enter an Order: (1) preliminarily approving the terms of the Judgment as within the range of fair, adequate, and reasonable terms (Exhibit A to Amended Motion); (2) approving the notice program, including the Class Notice, and directing that the Class Notice be disseminated to the Settlement Class Members (Exhibit B to Amended Motion); and (3) scheduling a fairness hearing for a date no earlier than forty-five days after filing an Order preliminarily approving the Judgment.

13

Respectfully submitted,


/s/ Jon C. Goldfarb
Jon C. Goldfarb (admitted pro hac vice)
Rachel McGinley (admitted pro hac vice)
L. William Smith (admitted pro hac vice)
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Charles P. Yezbak, III (#18965)
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000

*Counsel for Plaintiffs Douglas Dodson and Jasper Vick*


/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee  37201
(615) 651-6700

Kyle V. Miller (admitted pro hac vice)
Butler Snow LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, Mississippi 39158
(601) 948-5711

*Counsel for Defendant CoreCivic, Inc.*
/s/ Jennifer L. Brenner
Jennifer L. Brenner (#22692)
Civil Rights & Claims Division
Office of the Attorney General & Reporter
P.O. Box 20207

14

Nashville, Tennessee 37202
(615) 532-2500

*Counsel for The Tennessee Department of*
*Correction and Commissioner Tony Parker*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this May 16, 2019, on the following:

John C. Goldfarb
L. William Smith
Rachel McGinley
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street, North
Birmingham, Alabama 35203

Jennifer L. Brenner
Torrey Samson
Civil Rights & Claims Division
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202

Charles P. Yezbak, III
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215

/s/ Joseph F. Welborn, III

47458987.v1

15