UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS DODSON and <br> JASPER VICK | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civil Action Number 3:17-CV-00048 <br> District Judge Eli Richardson |
| CORECIVIC, INC., THE <br> TENNESSEE DEPARTMENT <br> OF CORRECTION, and <br> COMMISSIONER TONY PARKER, | ) <br> ) <br> ) <br> ) <br> ) | Magistrate Judge Jeffrey S. Frensley <br> Jury Demand |
| Defendants. | ) | |

## JUDGMENT

Pursuant to Federal Rules of Civil Procedure 54 and 58, and pursuant to the agreement of the parties as evidenced by the signature of their counsel below, JUDGMENT is hereby entered against Defendant CoreCivic, Inc. ("CoreCivic") in favor of Plaintiffs Douglas Dodson and Jasper Vick as representatives of the class that the Court certified – "All inmates with Type I and insulin-dependent Type II diabetes who are or may become housed at [the] Trousdale Turner Correctional [Center] and who require access to blood sugar checks and insulin administration in coordination with regular mealtimes" (Docket Entry 142) – as follows:

1. CoreCivic shall continue to provide Type I and insulin-dependent Type II diabetic inmates at the Trousdale Turner Correctional Center (collectively, "insulin-dependent inmates") access to blood sugar checks and insulin administration in coordination with regular mealtimes.

2. CoreCivic serves three meals a day at the Trousdale Turner Correctional Center. Presently, CoreCivic calls insulin-dependent inmates out of their housing units approximately

thirty minutes before each meal. The insulin-dependent inmates only respond to the calls that are made before the meals for which they are scheduled to receive blood sugar checks and insulin administration. These insulin-dependent inmates are released to go to the gymnasium, where medical providers are stationed to provide them blood sugar checks and insulin administration. After the blood sugar checks and insulin administration, the insulin-dependent inmates are provided their meals in the gymnasium. This allows the insulin-dependent inmates to receive blood sugar checks and insulin administration in coordination with regular mealtimes. Upon completion of their meals, the insulin-dependent inmates return to their housing units. During periods of restricted movement and for those insulin-dependent inmates who are located in restrictive housing, medical providers go to the housing units of those inmates to provide blood sugar checks and insulin administration in advance of regular mealtimes. If an insulin-dependent inmate refuses a blood sugar check or insulin administration, medical providers attempt to obtain a signature from that insulin-dependent inmate that documents the refusal of medical treatment.

3. CoreCivic shall continue with the protocol set forth in paragraph 2 above at the Trousdale Turner Correctional Center unless CoreCivic determines that a different protocol is appropriate to provide insulin-dependent inmates blood sugar checks and insulin administration in coordination with regular mealtimes.

4. CoreCivic shall add the following language to its written policies at the Trousdale Turner Correctional Center: "Type I and insulin-dependent Type II diabetic inmates shall have access to blood sugar checks and insulin administration in coordination with regular mealtimes."

5. CoreCivic shall add the following language to its training materials at the Trousdale Turner Correctional Center: "Type I and insulin-dependent Type II diabetic inmates shall have access to blood sugar checks and insulin administration in coordination with regular mealtimes.

The importance to inmate heath of compliance with this policy will be explained during training, including the serious health consequences that can result from failure to have access to insulin in coordination with regular mealtimes."

6. This Judgment shall remain effective for two (2) years from the date of entry.

7. Within thirty (30) days of the entry of this Judgment, CoreCivic shall pay to counsel for Plaintiffs the total sum of $99,950.00, in full satisfaction of any and all claims that counsel for Plaintiffs could have sought for an award of attorneys' fees and expenses in this matter under any theory of recovery, including but not limited to any such claims pursuant to 42 U.S.C. § 1988(b).

8. This Judgment is in full satisfaction of any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that were asserted or that could have been asserted against CoreCivic by Plaintiffs in this action. Except for the terms of this Judgment, any and all claims for injunctive relief regarding access to blood sugar checks and insulin administration in coordination with regular mealtimes that Plaintiffs asserted or could have asserted against CoreCivic, its past, present, and future agents, assigns, attorneys, directors, employees, independent contractors, insurers, officers, partners, predecessors, related professional associations or corporations, representatives, servants, successors in interest, and all other corporations, firms, or persons with whom any of the former have been, are now, or may hereinafter be affiliated shall be and are hereby released and forever barred.

9. All claims in this matter against Defendants The Tennessee Department of Corrections and Commissioner Tony Parker have been dismissed with prejudice by separate Order.

IT IS SO ORDERED.

DATED: July 25, 2019            *Eli Richardson*
                                ELI RICHARDSON
                                UNITED STATES DISTRICT JUDGE

**AGREED:**

/s/ Jon C. Goldfarb
Jon C. Goldfarb (admitted pro hac vice)
Rachel McGinley (admitted pro hac vice)
L. William Smith (admitted pro hac vice)
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Charles P. Yezbak, III (#18965)
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000

*Counsel for Plaintiffs Douglas Dodson and Jasper Vick*

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700

Kyle V. Miller (admitted pro hac vice)
Butler Snow LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, Mississippi 39158
(601) 948-5711

4

*Counsel for Defendant CoreCivic, Inc.*

/s/ Jennifer L. Brenner
Jennifer L. Brenner (#22692)
Civil Rights & Claims Division
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-2500
*Counsel for The Tennessee Department of*
*Correction and Commissioner Tony Parker*